UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRALLAS M. WHITE,

     Petitioner,

-vs-                                                    Case No.   8:16-cv-3376-T-02AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER

     Mr. White, a Florida prisoner, initiated this action by filing a petition for a writ of habeas

corpus under 28 U.S.C. § 2254 (Doc. 1).   He subsequently filed an amended petition (Doc. 4)

and a memorandum in support (Doc. 11).   Respondent filed a response in opposition to the

amended petition (Doc. 17), to which Mr. White replied (Doc. 18).   Upon consideration, the

amended petition will be denied.

## I. BACKGROUND

     Mr. White was convicted of battery and robbery with a firearm (Doc. 17-2, docket pp.

345-46).   He was sentenced to life in prison on the armed robbery conviction, and time-served

on the battery conviction (Id., docket pp. 374-80).   The convictions and sentences were affirmed

on appeal (Id., docket p. 420).

     Mr. White filed a motion for post-conviction relief under Rule 3.850, Florida Rules of

Criminal Procedure, alleging three grounds of ineffective assistance of trial counsel (Id., docket

pp. 424-81).  Mr. White, however, voluntarily dismissed the motion (Id., docket pp. 483-87).

Mr. White filed a petition alleging ineffective assistance of appellate counsel, which was denied

(Id., docket pp. 491-506).

Mr. White filed a second motion for post-conviction relief under Rule 3.850 in which he

alleged one ground of ineffective assistance of trial counsel (Id., docket pp. 508-15).   The

motion was denied (Id., docket pp. 703-23).   The denial of the motion was affirmed on appeal

(Doc. 17-3, docket p. 80).

Mr. White lastly filed a motion to correct illegal sentence under Rule 3.800(a),

Fla.R.Crim.P. (Id., docket pp. 120-30) in which he argued that his sentence was illegally

enhanced under Section 775.087(2), Fla. Stat., and the charging Information was defective

because the State failed to include any reference to Section 775.087(2).   The motion was denied

(Id., docket pp. 132-35).   Mr. White did not appeal the denial of the motion.

## II. GOVERNING LEGAL PRINCIPLES

Because Mr. White filed his petition after April 24, 1996, this case is governed by 28

U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880,

889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state

habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent

federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent

possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537

U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is

highly deferential and that state-court decisions must be given the benefit of the doubt).

## A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. ANALYSIS

**Ground One:** **Ineffectiveness of assistance of counsel counsel [sic] fail [sic] to stipulate to material facts (Doc. 4, docket p. 12).**

Mr. White contends that his trial counsel was ineffective in failing to stipulate to material facts. Although unclear from the petition, it is apparent from the record that Mr. White alleges that trial counsel, in his subsequent 2010 trial for possession of a firearm by a convicted felon (rather than trial counsel in his 2009 trial for armed battery and robbery with a firearm), was ineffective in failing to stipulate that Mr. White was a convicted felon. Mr. White contends that had counsel stipulated to that fact in his possession of a firearm case, his prior armed robbery conviction would have been reversed under the decision in *Hines v. State*, 983 So.2d 721 (Fla. 1st DCA 2008).[1]

---

[1] In *Hines*, Florida's First District Court of Appeal held that Florida law, specifically *Burr v. State*, 576 So.2d 278 (Fla.1991), requires reversal of a conviction when evidence of a collateral crime is presented at trial and the defendant is subsequently acquitted of the collateral crime.

Respondent argues that this claim is procedurally barred from review because Mr. White never presented the claim to the state courts. The Court agrees.

In his Rule 3.850 post-conviction motion, Mr. White alleged that trial counsel was ineffective in failing to postpone sentencing in the armed robbery case until the subsequent possession of a firearm case was resolved, then move for either a new trial or an amended judgment reflecting a conviction for simple robbery rather than armed robbery based on the acquittal in the possession of a firearm case (Doc. 17-2, pp. 512-13). Mr. White did not present a claim that trial counsel was ineffective during the possession of a firearm trial in failing to stipulate that Mr. White was a convicted felon (*Id.*, pp. 508-15).

Before a federal court can grant habeas relief, a petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (C). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted). To exhaust a claim, a petitioner must present the state court with both the specific legal basis for relief and the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal

6

rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). The prohibition against raising

an unexhausted claim in federal court extends to both the broad legal theory of relief and the

specific factual contention that supports relief. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d

1317, 1344 (11th Cir. 2004).

Mr. White's failure in state court to present his claim that trial counsel was ineffective in

failing to stipulate that Mr. White was a convicted felon deprived the state courts a full and fair

opportunity to resolve that claim. *See Anderson v. Harless*, 459 U.S. 4, 5–6 (1982) ("It is not

enough that all the facts necessary to support the federal claim were before the state courts or that

a somewhat similar state law claim was made."). And Florida procedural rules preclude Mr.

White from returning to state court to present his claim in a successive, untimely Rule 3.850

motion. See Fla. R.Crim. P. 3.850(b), (f), (h). Consequently, Mr. White's failure to exhaust his

claim in the state courts results in a procedural default.

"If the petitioner has failed to exhaust state remedies that are no longer available, that

failure is a procedural default which will bar federal habeas relief, unless either the cause and

prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256

F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must

demonstrate that some objective factor external to the defense impeded the effort to raise the

claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show

prejudice, a petitioner must demonstrate not only that an error at the trial created the possibility

of prejudice but that the error worked to his actual and substantial disadvantage and infected the

entire trial with error of constitutional dimension. *United States v. Frady*, 456 U.S. 152 (1982).

7

In other words, a petitioner must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

Absent a showing of cause and prejudice, a petitioner may obtain federal habeas review of a procedurally defaulted claim only if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495 96 (1986). A fundamental miscarriage of justice occurs if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, Mr. White must show constitutional error coupled with "new reliable evidence — whether...exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mr. White fails to allege and demonstrate cause and prejudice for the default of his claim. *Wright*, 169 F.3d at 703. And he cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Because Mr. White satisfies neither exception to procedural default, his claim alleging ineffective assistance of counsel in failing to stipulate that Mr. White was a convicted felon is procedurally barred from federal review. Accordingly, Ground One warrants no relief.

**Ground Two:**     **Miscarraige [sic] of Justice.   The trial court erred in sentencing Petitioner under 775.087(2) (Doc. 4, docket pp. 6, 14).**

Mr. White contends that the state court erred in enhancing the sentence for his armed robbery conviction under 775.087(2), Florida Statutes. Under that statute, if a firearm is used

8

and discharged during a robbery, a court must impose a minimum mandatory sentence of 20

years. See Fla. Stat., § 775.087(2)(a) 2. Mr. White argues that he was incorrectly sentenced

under the statute because the State failed to prove he was in possession of a firearm at the time of

the robbery.

This claim was raised in state court in Mr. White's Motion to Correct Illegal Sentence

(Doc. 17-3, docket pp. 120-30). In denying the claim, the state post-conviction court stated in

pertinent part that:

> . . .The Court finds that although the State did in fact include Section
> 775.087(2) in the information for both counts, neither of Defendant's charges
> were enhanced under that statute. (See Information, Judgment and Sentence and
> Sentencing Transcript, attached). The Court finds that count one was not
> enhanced at all. (See Judgment and Sentence and Sentencing Transcript,
> attached). The Court further finds that count two was enhanced under the prison
> release reoffender statute, Section 775.082(9)(a)(1) and (3), not under Section
> 775.087(2) regarding possession of a firearm while committing an offense. (See
> Judgment and Sentence and Sentencing Transcript, attached). The Court finds that
> the notation "ct 2 775.087(2)" on "PAGE 01" of Defendant's judgment and
> sentence was made in error and should be removed. Additionally, the Court finds
> that on "PAGE 05" of Defendant's judgment and sentence the subsection for the
> Prison Release Reoffender statute is incorrect. The Court finds that the statute
> number for the enhancement of Prison Release Reoffender should read as
> 775.082(9)(a)(1) and (3).
>
> As such, the Court finds that no relief is warranted and Defendant's
> Motion must be denied.

(Doc. 17-3, docket pp. 133-34).

The state post-conviction court's finding that the sentence for Mr. White's armed

robbery conviction was "enhanced under the prison release reoffender statute, Section

775.082(9)(a)(1) and (3), not under Section 775.087(2) regarding possession of a firearm

while committing an offense" is supported by the record. During the sentencing

9

hearing, the trial court pronounced that Mr. White was being sentenced for the armed robbery conviction "as a prison release re-offender," and defense counsel agreed that Mr. White qualified for sentencing as a prison release reoffender (Doc. 17-2, docket pp. 368-69). Additionally, both the Judgement and Amended Judgment indicate that Mr. White was sentenced as a prison release reoffender under Section 775.082, Fla. Stat., for the armed robbery conviction (Doc. 17-2, docket p. 378; Doc. 17-3, docket p. 138).

Because Mr. White was sentenced as a prison release reoffender under Section 775.082 and not sentenced under Section 775.087 for his armed robbery conviction, the state courts' denial of Mr. White's claim that he was erroneously sentenced under Section 775.087 was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Ground Two warrants no relief.[2]

It is therefore **ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. This Court should grant an application for a Certificate of Appealability only if Mr. White makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[2] Mr. White does not challenge his sentence as a prison release reoffender. And to the extent that he contends in his reply that his conviction for armed robbery should be reduced to robbery because the State failed to prove he was in possession of a firearm at the time of the robbery (see Doc. 18, docket pp. 3-4), the contention is without merit. The jury specifically found that Mr. White used and discharged a firearm during the robbery (Doc. 17-2, docket p. 346).

2253(c)(2).    He cannot make this showing.[2]    Accordingly, a Certificate of Appealability is

**DENIED** in this case.    And because Mr. White is not entitled to a Certificate of Appealability,

he is not entitled to proceed on appeal *in forma pauperis*.

　　　　**ORDERED** in Tampa, Florida on ____November 27th____, 2019.


　　　　　　　　　　　　　　　　WILLIAM F. JUNG
　　　　　　　　　　　　　　　United States District Judge

SA: sfc
Copies to:
Trallas M. White, *pro se*
Counsel of Record

---

[2]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts,

> The district court must issue or deny a certificate of appealability when it enters a final order
> adverse to the applicant. Before entering the final order, the court may direct the parties to submit
> arguments on whether a certificate should issue. . . .If the court denies a certificate, a party may not
> appeal the denial but may seek a certificate from the court of appeals under Federal Rule of
> Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.